### GUSTELY v BOWMAN

Ohio Appeals, 9th Dist, Summit Co

No 3198. Decided Nov 10, 1939

Beery, Underwood, Ryder & Kroeger, Akron, for appellant.

H. A. Waltz, Akron, and James Olds, Akron, for appellee.

## OPINION

**PER CURIAM:**

In this appeal on question of law, complaint is made concerning the charge of the court, and that the verdict of the jury is manifestly against the weight of the evidence.

It is urged that the trial court erred in its refusal to give, before argument, plaintiff's special request No. 3, which read as follows:

"3. The court further instructs you that Edward Gustely, as he proceeded straight through the intersection, had a right to assume, until he had knowledge to the contrary, that the defendant would yield the right of way to him and that she would obey and abide by the signal and signs of the traffic officer."

The charge as couched assumed that the traffic officer did give signals or signs, and the evidence upon that subject was in dispute. The charge therefore was not technically correct, and there was no error in the court's refusal to give it.

However, the charge did challenge the court's attention to the subject of the assumption which the plaintiff had a right to indulge, if the jury found that the traffic officer did give a signal to plaintiff; and also to the question of what was meant by the term "right of way".

Neither of those matters were touched upon by the court in its charge, and its failure to so charge, even though not specifically requested so to do by plaintiff, was error.

We are unanimously of the opinion that the jury's verdict, finding the defendant to be not guilty of negligence, is manifestly against the weight of the evidence, and that by reason thereof the judgment should be reversed.

The judgment of the Court of Common Pleas will be reversed, and the cause remanded for further proceedings according to law.

WASHBURN, PJ., DOYLE & STEVENS, JJ., concur.